**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **HAAS-ANDERSON CONSTRUCTION, LTD.** | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ARCH INSURANCE COMPANY AND** | § | |
| **ILLINOIS INSURANCE COMPANY,** | § | |
| **Defendants.** | § | |

**HAAS-ANDERSON'S ORIGINAL COMPLAINT**
**FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

COMES NOW Haas-Anderson Construction, Ltd. and files this Original Complaint for Declaratory Judgment and would show the Court the following:

**I.**
**THE PARTIES**

1.      Plaintiff, Haas-Anderson Construction, Ltd. (hereinafter "Haas" or "Plaintiff") is a Texas Limited partnership, with its principal office in Corpus Christi, Texas.

2.      Defendant Arch Insurance Company (hereinafter "Arch" or "Defendant") is a Missouri corporation with its principal office at One Liberty Plaza 53d Floor, New York, NY 10006 and may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

3.      Defendant Illinois Insurance Company is an Illinois corporation with its principal office at 175 Water Street, 18th Floor, New York, NY 10038 and may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
## JURISDICTION

4.      The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57 and 28 U.S.C. §2201.  There exists complete diversity between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.
## VENUE

5.      Venue is proper in this matter pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.
## BACKGROUND FACTS/UNDERLYING SUIT

6.      On or about June 25, 2009 Plaintiffs' Original Petition was filed in the lawsuit styled and numbered *David Davila and Antonia Flores Davila, Individually and o/b/o Beatrice Adriana Davila, Krystal Davila, and Nicholas Daniel Davila, minor children of David Davila v. Haas-Anderson Construction, Ltd.; Highway Technologies, Inc.; and Ladislav Leo Hala,* Cause No. 09-61205-4 in the County Court at Law No. 4 in Nueces County Texas (hereinafter "the underlying suit" or "the Davila suit").

7.      According to the allegations in the underlying suit, on May 4, 2009, David Davila was employed by All Temps Temporary Service at a highway construction site in rural Bee County, Texas.   He was allegedly loading construction barricades and barrels onto a truck/flatbed trailer when he was struck by a pick-up truck driven by Hala.

8.      Davila alleges in the underlying suit that he was under supervision, management and control of Haas and/or Highway Technologies (hereinafter "HT") at the time of the accident. Further, Davila alleges in the underlying suit that the truck/flatbed trailer was owned and

operated by Haas and/or HT at the time of the accident and that his injuries were proximately caused by Haas and/or HT's negligence.

9.      The Travelers Lloyds Insurance Company ("Travelers Lloyds") issued a Commercial General Liability and Employee Benefits Liability policy # DT-CO-5459B949-TLC-08 to Haas for the period 9/1/08 – 9/1/09.

10.     Travelers is handling the underlying suit claim under its general liability policy because in the underlying lawsuit Plaintiffs allege that the damages arose from the negligent management and control of the roadway construction site.

**Contract Between Haas and HT**

11.     On November 16, 2006 Haas and United Rentals Highway Technologies, L.P. (predecessor in interest to HT) entered into a construction contract wherein Haas as contractor hired HT as subcontractor to perform certain work on United States Highway 181 in Bee County, Texas.

12.     As part of the contract, HT agreed to purchase and maintain insurance for Haas.

13.     Haas was included as an additional insured for Commercial General Liability and Automobile liability insurance under Arch Insurance Company policy # 51PKG2243202 for the period 3/1/01-3/1/10.  Haas was included as an additional insured under Excess/Umbrella policy # BE1030242 issued by Illinois National Insurance Company (hereinafter "Illinois National") for the period 3/1/09-3/1/10.

**Other Insurance Clauses**

14.     The "other insurance" clauses in all of the relevant policies confirm that the Arch and Illinois National policies are primary and the Travelers Lloyds policy is excess.

---

15.     The Arch policy contains an "Other Insurance" clause which states that as to the underlying suit, its policy is primary.  This provision reads in relevant part as follows:

> c.     Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

16.     The contract between Haas and HT is an insured contract; therefore, the Arch policy is primary.

17.     The Travelers Lloyds Policy issued to Haas contains the following "Other Insurance" provision:

> If other valid and collectible "other insurance" is available to the insured [Haas] for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
> **a.  Primary Insurance**
>
>     This insurance is primary except when **b**. below applies…
>
> **b.  Excess Insurance**
>
>     This insurance is excess over any of the "other insurance", whether primary, excess, contingent or on any other basis:
>
> * * *
>
>     (4)     if the loss arises out of the maintenance or use of aircraft, "autos", or watercraft to the extent not subject to Exclusion g. of Section I – Coverage A – Bodily Injury And Property Damage Liability; or
>
>     (5)     That is available to the insured when the insured is an additional insured under any other policy, including any umbrella or excess policy.
>
>     When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any provider of "other insurance "has a duty to defend the insured against that "suit".

18.     The Arch insurance is available to Haas as an additional insured; therefore, the policy is excess above the Arch policy.

19.     Alternatively, if the loss arose out of the use of an auto, the Arch policy is also primary.

**Arch Admits Coverage is Possible but Does Not Defend Haas**

20.     Haas tendered defense of the underlying suit to HT on June 9, 2009. Haas tendered defense of the underlying suit to HT's excess insurer, Illinois National on January 21, 2010.

21.     On March 15, 2010, Defendant Arch, through its Third Party Administrator, Gallagher Bassett Services, Inc., issued a letter to Haas admitting that "the additional insured endorsement on the Arch policy's auto coverage may potentially provide coverage to [Haas]". See Exhibit "A" attached hereto.

22.     However, Arch never undertook Haas' defense in the underlying suit.  As of the filing of this Complaint for Declaratory Judgment, Arch has failed to provide the defense it acknowledges it owes to Haas under its policy.  Further, as of the filing of this Complaint, Illinois National wrongfully denied coverage to Haas.

**V.**
**CAUSE OF ACTION-DECLARATORY JUDGMENT**

23.     Haas seeks a declaration, pursuant to 28 U.S.C. §§2201, 2202 that Defendant Arch is liable to Haas and that Haas is entitled to a defense and indemnity for the allegations against it in the underlying suit under Arch Insurance Company policy # 51PKG2243202 for the period 3/1/01-3/1/10.  Further, Haas seeks a declaration that the Arch policy provides primary and non-contributory coverage to Haas for the allegations in the underlying suit. Additionally, Haas seeks a declaration that Illinois National wrongfully denied coverage to Haas under policy # E1030242 issued by Illinois National for the period 3/1/09-3/1/10.

## VI.
## CAUSE OF ACTION-BREACH OF CONTRACT AGAINST ARCH

24.     Insurance policies are contracts between the insurer and the insured.  Under the terms of the Arch policy at issue, Arch contracted to defend any suit against Haas alleging, among other things, bodily injury.  In the underlying suit, Davila alleges to have suffered severe bodily injuries arising out of a construction site injury.  These allegations meet the policy terms and obligate Arch to defend Haas.

25.     Haas, upon being sued in the underlying suit, timely notified Arch and requested that Arch provide Haas with a defense to the underlying suit.  Arch refused to comply with its contractual obligation to defend Haas and further failed to provide Haas with any legitimate reason for its refusal.  Arch's failure to defend Haas constitutes a material breach of the policy. Haas seeks recovery of it actual damages from Arch.

## VII.
## HAAS' ACTUAL DAMAGES

26.     Arch's failure to defend Haas forced Haas to employ counsel to defend itself in the underlying suit.  Haas suffered actual damages in the form of the costs and expenses necessarily incurred in defending the underlying suit.

## VIII.
## ATTORNEYS' FEES

27.     Haas has been forced to hire the undersigned attorneys to prosecute this claim. Pursuant to 28 U.S.C. 2202, Haas respectfully requests that the Court award Haas the reasonable and necessary attorneys' fees it incurs in seeking to enforce the defense and indemnity obligations Arch and Illinois National wrongfully refused to honor.

## IX.
## PROMPT PAYMENT VIOLATION AGAINST ARCH

28.     Arch is liable under §542.060 of the Texas Insurance Code for additional damages due to its failure to timely and appropriately respond to Haas' tendering of the underlying suit for a defense.  Arch failed to timely meet the statutory deadlines imposed by §542.060 of the Texas Insurance Code.  Haas timely notified Arch of the claim and provided all information necessary for Arch to investigate and provide a defense.  Arch has failed to timely provide a defense.  Arch's wrongful denial of Haas' claim and wrongful denial of its duty to defend Haas in the underlying suit constitutes a violation of §542.060 of the Texas Insurance Code.  Accordingly, Arch is liable to pay Haas the full amount of its claim with interest, plus eighteen (18) percent per annum of the amount of Haas' claim, together with reasonable attorneys' fees and costs, pursuant to §542.060 of the Texas Insurance Code.

## X.
## FOR THE COURT ONLY; NOT TO BE READ TO THE JURY

29.     Travelers Lloyds has been paying for the defense of Haas-Anderson Construction, Ltd.  Travelers Lloyds is entitled to recover against the defendants as Travelers Lloyds is the real party in interest.  Travelers Lloyds is authorized to pursue this claim in the name of Haas-Anderson Construction, Ltd.  Travelers Lloyds hereby asserts its right to be reimbursed by Defendants for all amounts Travelers Lloyds has paid or will pay on behalf of Haas-Anderson Construction, Ltd. that Defendants should rightfully have paid in the past as well as the future.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Haas respectfully prays that Defendants be cited to appear and answer this lawsuit and that this Court enter a judgment against Defendants for the following:

1.   Declaration that Defendant Arch owes Haas a complete defense and indemnity as to any and all allegations and claims being made against Haas in Cause No. 09-61205-4 in the County Court at Law No. 4 in Nueces County Texas, the underlying suit;

2.   Declaration that Defendant Illinois National wrongfully denied coverage to Haas for the allegations and claims being made against Haas in Cause No. 09-61205-4 in the County Court at Law No. 4 in Nueces County Texas, the underlying suit;

3.   Declaration that Defendants owe reimbursement to Haas for all defense costs it has incurred and will continue to incur in defense of the underlying suit;

4.   All reasonable and necessary attorneys' fees incurred by Haas in this lawsuit;

5.   All statutory penalties to which Haas is entitled;

6.   All other relief to which Haas is entitled.

Respectfully submitted,

**HERMES SARGENT BATES, L.L.P.**

By:/s/ Veronica M. Bates_____
    **VERONICA M. BATES**
    State Bar No. 1912795
    veronica.bates@hsblaw.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6530
Facsimile: 214.749.6330

**ATTORNEY FOR PLAINTIFF**
**HAAS-ANDERSON CONSTRUCTION, LTD.**